FILED
February 22, 2016
TN COURT OF
WORKERS' COMPENSATION
CLAIMS
TIME 10:50 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

Sarah Kaye McIntosh,
      Employee,

v.

Randstad,
      Employer,

And

ESIS,
      Insurance Carrier.

Docket No.: 2015-08-0106

State File No.: 24706-2015

Judge Jim Umsted

---

## EXPEDITED HEARING ORDER
## DENYING TEMPORARY DISABILITY BENEFITS

---

THIS CAUSE came before the undersigned Workers' Compensation Judge on January 27, 2016, upon the Request for Expedited Hearing filed by the employee, Sarah Kaye McIntosh, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Ms. McIntosh seeks temporary disability benefits from December 30, 2015, to January 18, 2016, for injuries to her wrists.

On September 24, 2015, the Court ordered Randstad to pay temporary disability benefits to Ms. McIntosh "until she is either placed at maximum medical improvement (MMI) or able to work at a job enabling her to earn a wage equal to or better than that earned at the time of injury." The central legal issue is whether Ms. McIntosh is entitled to receive temporary disability benefits for the time in question. This issue includes sub-issues of whether Randstad offered Ms. McIntosh light duty work within her medical restrictions for the time in question and whether Ms. McIntosh unreasonably refused to accept the offer of light duty work. For the reasons set forth below, the Court finds Ms. McIntosh is not entitled to the requested benefits.[1]

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

## History of Claim

Ms. McIntosh claimed she injured her wrists on March 23, 2015, after filing thousands of files over a period of a few days. The Court previously found her claim compensable, and she is currently receiving medical treatment with her authorized physician, Dr. Wm. Lee Moffatt. On November 24, 2015, Randstad sent notice to Ms. McIntosh that it would take the deposition of Dr. Moffatt on December 8, 2015. Prior to the deposition of Dr. Moffatt, Randstad paid temporary total disability benefits to Ms. McIntosh as Dr. Moffatt had taken her completely off work. Ms. McIntosh, who is self-represented, did not attend the deposition.

In his deposition, Dr. Moffatt testified that Ms. McIntosh would be able to perform light duty work consisting of answering a telephone with a hands-free headset and writing down an occasional note. After the deposition, Randstad offered Ms. McIntosh light duty work, which involved limited writing and lifting. Randstad also offered to work with her and her physician to modify the job duties to meet any limitations. Randstad advised Ms. McIntosh that her job assignment started December 21, 2015.

Ms. McIntosh failed to accept the offer of light duty work, and on December 30, 2015, Randstad terminated payment of temporary disability benefits. However, on January 18, 2016, Dr. Moffatt performed surgery on Ms. McIntosh, and Randstad reinstated payment of temporary total disability benefits.

Ms. McIntosh testified that she never refused Randstad's offer of light duty work. According to Ms. McIntosh, she contacted Randstad's attorney upon receiving the offer and asked for a copy of Dr. Moffatt's deposition transcript, because she was not aware of the types of work Dr. Moffatt thought she could perform and because she did not believe that Randstad's offer would comply with the work restrictions imposed by Dr. Moffatt. She admitted, however, that she never contacted anyone at Randstad regarding the offer of light duty work.

## Findings of Fact and Conclusions of Law

### General Legal Principles

This Court must interpret the Workers' Compensation Law fairly, impartially, and without favor for either the employee or employer. Tenn. Code Ann. § 50-6-116 (2015). The employee in a workers' compensation claim must prove all essential elements of her claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). However, an employee need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage*

2

*Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee must come forward with sufficient evidence from which the trial court can determine she is likely to prevail on her claim at trial. *Id.*

*Whether Ms. McIntosh is entitled to temporary disability benefits from December 30, 2015, to January 18, 2016*

An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978). Temporary total disability benefits are terminated by either the ability to return to work or attainment of maximum recovery. *Id.* Temporary partial disability benefits are available when the temporary disability is not total. S*ee* Tenn. Code Ann. § 50-6-207(1)-(2) (2015). Specifically, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

> Thus, in circumstances where the treating physician has released the injured worker to return to work with restrictions prior to maximum medical improvement, and the employer either (1) cannot return the employee to work within the restrictions or (2) cannot provide restricted work for a sufficient number of hours and/or at a rate of pay equal to or greater than the employee's average weekly wage on the date of injury, the injured worker may be eligible for temporary partial disability.

*Jones v. Crencor Leasing,* No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *8 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015).

The issue in the present case involves entitlement to temporary partial disability. The evidence supports a finding that Dr. Moffatt placed Ms. McIntosh on light duty work restrictions from December 30, 2015, to January 18, 2016. Randstad presented evidence that it offered to accommodate these restrictions. The Court finds Ms. McIntosh failed to attempt to perform the light duty work offered by Randstad.

Based on the evidence presented in this case, Ms. McIntosh has not come forward with sufficient evidence from which this Court can conclude she is likely to prevail at a hearing on the merits regarding entitlement to temporary disability benefits for the time in question. Therefore, her request for benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

3

1. Ms. McIntosh's claim against Randstad and its workers' compensation carrier for the requested temporary partial disability benefits is denied at this time.

2. This matter is set for a Status Conference on February 29, 2016, at 1:30 p.m. Central time.

**ENTERED this the 22nd day of February, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Status Conference:

A Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Status Conference.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit

of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:
1. Letter from Randstad to Ms. McIntosh offering restricted duty work, dated December 16, 2015;
2. Affidavit of Randstad's attorney, Christie Hayes, dated January 19, 2016;
3. Email to Ms. McIntosh with notice to take deposition of Dr. Moffatt, dated November 24, 2015;
4. Email from Ms. McIntosh to Lorrie Hughes, legal secretary for Ms. Hayes, dated November 24, 2015;
5. Email from Ms. Hayes to Ms. McIntosh regarding offer of light duty work, dated December 17, 2015;
6. Email from Ms. McIntosh to Ms. Hayes, dated December 17, 2015;
7. Deposition transcript of Dr. Wm. Lee Moffatt, dated December 8, 2015;
8. (Marked for Identification Only): Fax cover sheet regarding utilization review request, dated December 17, 2015;
9. (Marked for Identification Only): Email from Ms. Hayes to Ms. McIntosh regarding surgery request sent to utilization review and receipt of Dr. Moffatt's test results; and
10. (Marked for Identification Only): Email from Ms. Hayes to Ms. McIntosh regarding failure to accept light duty work.

Technical record:
1. Petition for Benefit Determination, filed April 16, 2015;
2. Dispute Certification Notice, filed on May 28, 2015;
3. Expedited Hearing Order, entered July 13, 2015;
4. Expedited Hearing Order, entered September 24, 2015;
5. Request for Expedited Hearing, filed January 11, 2016; and
6. Randstad's Response to Ms. McIntosh's Request for Expedited Hearing, with attachments.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 22nd day of February, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Sarah McIntosh, Employee | | | x | justkaye44@aol.com |
| Blair Evans, Employer's Counsel | | | x | bevans@bakerdonelson.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**